

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI
### (NORTHERN DIVISION)

CHAKAKHAN R. DAVIS,

   Plaintiff,

Vs.           **Civil Action No. 3:15-cv-874-CWR-LRA**

HINDS COUNTY, MISSISSIPPI, Et Al.

   Defendants.

_____/

### FIRST AMENDED COMPLAINT
#### (Jury Trial Requested)

 **COMES NOW**, Plaintiff, Ms. Chakakhan R. Davis pursuant pro-se, files this her complaint against Hinds County, Mississippi., Sheriff Deputy (ies) Johnny Jenkins, Jerry Arinder, Jail Guard (s) (*i.e.* Correctional Officers) Brenda Jones and John Does 1-5 and in support hereof, would show unto this *Honorable Court* the following facts to wit:

#### 1.

 The Plaintiff, Chakakhan R. Davis is an adult resident citizen of Hinds County, Mississippi, residing at 32942 / 50 Hwy 18, Utica, MS 39175.

#### 2.

 The Defendant; Hinds County, Mississippi is a unit of local *Government* of the *State* of *Mississippi* and qualifies as a "*Political Subdivision*". It may be served with process of this *court* through its *Board* of *Supervisors, President* Peggy Hobson Colhoun located at 316 South President Street, Jackson, MS 39201.

 The Defendant; Sheriff Tyrone Lewis (*i.e.* final *policy* maker for the Hinds County Sheriff's Department) [1] as codified in the **Mississippi Code of 1972**, share a *liability* in this cause of action since by *Statute* he are and/or were responsible for the day to day operations and management of the *county*

---

[1] *See* **Brooks v. George County, Miss., 84 F. 3d 157 (/case/brooks-v-george-county-miss) (), 165 (5th Cir. 1996). *See also* Bennett v. City of Slidell, 728 F. 2d 762, 769 (5th Cir. 1984)**, where an official *policy* maker "decides the particular goals for a *city* (ies) or *county* (ies) function and devise the means of achieving those goals."

(ies) jail and penal farm during the time of this accidents occurrence; who may be served with process of this *court* at her and/or his place of employment (*e.g.* Hinds County Sheriff's Department situated on 407 E. Pascagoula Street, Jackson, MS 39201), or his last known residence by local process sever.

Defendant (s); Deputy Sheriff (ies), Johnny Jenkins and Jerry Arinder are both adult resident citizens of Hinds County, Mississippi, who may be served with a copy of the summons and complaint at her and/or his place of employment (*e.g.* Hinds County Sheriff's Department located at 407 E. Pascagoula Street, Jackson, MS 39201), or his last known residence by local process sever.

Defendant (s); Jail Guard (s) (*i.e.* Correctional Officers), Brenda Jones are an adult resident citizen of Hinds County, Mississippi, who may be served with a copy of the summons and complaint at her and/or his place of employment (*e.g.* Hinds County Sheriff's Department located at 407 E. Pascagoula Street, Jackson, MS 39201), or his last known residence by local process sever.

Defendant (s) John Does 1-5 are unknown as of the date of this complaint being filed; however, such Defendant (s) shall be named as they are determined in the discovery process and shall be served accordingly at such time.

At all times relevant hereto, the Defendant (s) Deputy Sheriff (ies), Johnny Jenkins and Jerry Arinder as well as Jail Guard (s) Brenda Jones and John Does 1-5 were acting within the course and scope of her and/or his employment and under *color of law*. *42 U.S.C. § 1983*.

**3.**

The events giving rise to this cause of action occurred and/or accrued entirely within Hinds County, Mississippi, so that his *court* has full and complete *jurisdiction* and *venue* of the Party (ies) subject matter of this cause.

**4.**

That on the 8th day of December 2014, Plaintiff was tending to her mother's care when her mother became upset and called law enforcement. Subsequent thereto, Deputy Johnny Jenkins arrived at 32950 Hwy 18, Utica, MS 39175. The Deputy instructed Plaintiff to leave the residence until her mother's bad nerves calmed down and upon Ms. Davis arrival back to the residence; Plaintiff called law enforcement to have the door opened. Notably, previous responding Deputy Sheriff Johnny Jenkins arrived back to the

residence along with Deputy Jerry Arinder who falsely arrested Ms. Davis while intentionally placing the hand cuff restraints on both of the Plaintiffs wrists excessively tight.

While, sitting in the back of previous responding Deputy Johnny Jenkins patrol car, in the residence drive way, and during motion of the vehicle, Plaintiff repeatedly stated that the hand cuffs were cutting off her arms blood circulation and were intentionally ignored. Deputy Sheriff Jenkins then pulls over his patrol car at the Utica Hubbards Truck Stop and placed Ms. Davis on the back seat of Deputy Jerry Arinders patrol car whom continued to knowingly ignore Ms. Davis complaints of the excessive tightness of the hand cuffs.

After arriving at the Raymond Detention Center., Deputy Jerry Arinder asked Ms. Davis why didn't she tell him that the hand cuffs were too tight after seeing bruises and swelling to both of the Plaintiffs wrists from the restraints. Plaintiff, then preceded to tell a Jail Guard by the name of Brenda Jones of the Raymond Detention Center that medical attention were needed and the Guard (*i.e.* Correctional Officer) put her hand around Ms. Davis neck / throat and drew a balled fist in the Plaintiffs face while using obscene language. Jail Guard, Brenda Jones then preceded to call another female search Jail Guard (name unknown) at the Raymond Detention Center, whom both slammed Ms. Davis back against the wall, then search Guard Brenda Jones put the Plaintiff in the choke hold while pressing her knee down in Ms. Davis lower back as hard as she could.

While using unwarranted and excessive force for no apparent reason, both of these Jail Guards threatened to place the Plaintiff in a cell known as the tank, with a violent inmate due to her requests of medical attention. Accordingly, Ms. Davis were intentionally placed in the tank cell by these Jail Guards so that the violent inmate would get disturbed by her medical condition and attack her. These Jail Guard (s) as well as others of the Raymond Detention Center intentionally ignored the disturbed violent inmates' outbursts of verbal threats to attack the Plaintiff. Ms. Davis as well alerted the Jail Guard (s) and were intentionally left in the tank cell for several hours where it was extremely cold and her requests for blankets were intentionally ignored by the Guard (s).

The Plaintiff was later booked at the Raymond Detention Center and then transferred to the women's unit located on 407 East Pascagoula Street, Jackson, MS, where the showers water supply were

used to tend to the injuries and damages sustained to her wrists, legs and back.  Ms. Davis also filled out several Medical Requests forms at the Hinds County Sheriff's Department that were intentionally ignored by the Jails Medical Staff.

The false misdemeanor charges against Plaintiff for allegedly disturbing the peace were never heard by the Hinds County Justice Court within two weeks after Plaintiffs release date.  Succinctly, Plaintiff appeared at the *Justice Court* on several occasions and were told that there were no records on file for her.  Ms. Davis had the right to be free from these Hinds County Sheriff's Department Deputy Sheriff (s) as well as Jail Guard (s) excessive force, illegal searches and seizures secured by the *(4) Fourth Amendment*, cruel and unusual punishment secured by the *(8) Eighth Amendment* and deprivations of her *Due Process* rights secured by the *(14) Fourteenth Amendment* of the *United States Constitution*, et al.  Evidently, Ms. Davis had committed no crime and there was no probable cause for her arrest and detention.

**5.**

As a result of the unlawful arrest and detention, Plaintiff was deprived of her right to life, liberty, and property which incurred damages. These damages were caused by the events and conditions as described in this complaint.  Hinds County, Mississippi reckless and/or careless training, supervision and discipline of its Deputy Sheriff (s) as well as Jail Guard (s) (*i.e.* Correctional Officers) tantamounts to a deliberate indifference to the *constitutional* deprivations and violations aforementioned. Thus the Defendants had actual and/or constructive knowledge of the wrongful conduct mentioned herein of its Deputy Sheriff (s) and Jail Guard (s) and acted contrary to the *constitutional* requirements necessary to protect citizens of the public in addition to those within its custody and/or control from the substantial risks of harm as set forth in *Exhibit "A"* attached hereto.

**6.**

Plaintiff, was deprived of rights, privileges and immunity (ies) secured by the *(4) fourth*, *(8) eighth* and *(14) fourteenth amendments* of the *United States Constitution* through *42 U.S.C. § 1983*, et al. Additionally, Plaintiff suffered extreme emotional distress injuries and damages, as well as mental anguish, medical expenses, pain and suffering, loss of enjoyment of life, impairment of physical function and/or

disability past, present and future and continues to adhere the same.  That all of said injury (ies) and damages were proximately caused by and/or contributed to by the reckless and/or careless training, supervision and discipline of Sheriff Deputy (ies) Johnny Jenkins, Jerry Arinder, Jail Guard (s) Brenda Jones and John Does 1-5 by the Defendants.

**7.**

Ms. Davis received medical treatment for the injury (ies) and damages sustained at the Central Mississippi Medical Center and the Claiborne County Medical Center.  At all times relevant hereto, Deputy (ies) Johnny Jenkins, Jerry Arinder as well as Jail Guard (s) (*i.e.* Correctional Officers) Brenda Jones and John Does 1-5 were acting within their official capacity (ies) as Deputy Sheriffs and Jail Guards with the Hinds County Sheriff's Department (HCSD) performing their duty (ies) in uniform and in their capacity (ies) as employees of the *County*.

**8.**

Plaintiffs rights under § *Mississippi Common Law*, § *Tort Law*, and § *Constitutional Law* were intentionally violated by Deputy (ies), Johnny Jenkins, Jerry Arinder as well as Jail Guard (s) (*i.e.* Correctional Officers) Brenda Jones and John Does 1-5.  The harms inflicted upon the Plaintiff were reasonably foreseeable and would not have occurred had the Defendants Sheriff Deputy (ies) and Jail Guards been reasonably trained, supervised and disciplined.  The Defendants are liable for the excessive force, false arrest, false imprisonment, abuse of process, malicious prosecution, cruel and unusual punishment and violation of Plaintiffs rights under the § *Mississippi Constitution*, et al.

**9.**

As a direct result of Deputy (ies) Johnny Jenkins, Jerry Arinder and Jail Guard (s) (*i.e.* Correctional Officers) Brenda Jones & John Does 1-5 reckless disregard, willful and wanton conduct in the performance of their job, Plaintiff was injured through no fault of her own. These actions of the Defendants constitutes a reckless disregard for the safety and wellbeing of Plaintiff who was not engaged in criminal activity pursuant to section **§ 11-46-9 (1) (c)**, as amended of the ***Mississippi Code of 1972*** and willful violations of Plaintiffs *Due Process* and *Equal Protection Rights* secured by the *(14) fourteenth amendment* and other provisions of the *United States Constitution* through *42 U.S.C. § 1983*.

**10.**

A *Notice of Claim* was *via hand delivered* to the Hinds County Board of Supervisors and the County (ies) Sheriff's Department pursuant to Section *§ 11-46-11 (1) (2)* of the *Mississippi Code of 1972*, as amended on or about the 15th day of January 2015 as set forth in *Exhibit "B"* attached hereto.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully reserve the *right* to amend this pleading to conform to the facts as they develop, request a *trial* by *jury* on all but its *§ Mississippi Tort Claims Act* claim., for which Plaintiff request a *Judge trial* (*i.e. bench trial*) as required by section *§ 11-46-13 (1)* of the *Miss. Code Ann.*, *1972*, *et seq.* And upon a verdict in favor of Plaintiff, Ms. Davis respectfully request that actual, compensatory, consequential and incidental damages in an amount within the *jurisdictional limits* of this *court* be assessed in an appropriate amount, as well as punitive damages for those claims for which they are available by *law.*, including costs, expenses and attorney fees incurred in this *civil action* and all for such general relief as justified by the facts under the *law* or equity. *42 U.S.C. § 1988*. Plaintiff, respectfully prays that the following specific dollar amounts are awarded as follows:

1.  The specified dollar amount of $1, 400, 000. 00 (one million four hundred thousand dollars) against the Defendants Hinds County, Mississippi, et al., for its Deputy Sheriffs and Jail Guards intentional deprivations of Plaintiffs *statutory* and *constitutional rights* as well as infliction of physical and emotional harms under section *42 U.S.C. § 1983* of the *United States Constitution, et seq.*,

2.  The specified maximum capped dollar amount of $500, 000. 00 (five hundred thousand dollars) set on non-economic damages awards in *Mississippi* under section *§ 11-46-15* of the *Miss. Tort Claims Act*; *as amended,* and

3.  An specified maximum dollar amount of punitive damages based on the Defendants financial net worth and/or condition to be determined by the *Judge* and/or *Jury* under section *§ 11-1-65* of the *Miss. Code Ann.*, *1972*, *et seq.*, as to punish and deter intentional deprivations of *citizens' rights* as well as infliction of physical and emotional harms. *42 U.S.C. § 1983*.

Respectfully submitted, this the 5th day of February 2016.

MS.  CHAKAKHAN R. DAVIS, PLAINTIFF

32942 / 50 Hwy 18, Utica, MS 39175
chakakhandavis@yahoo.com