## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CHAKAKHAN R. DAVIS**                                                                 **PLAINTIFF**

**V.**                                   **CAUSE NO. 3:15-CV-874-CWR-LRA**

**HINDS COUNTY, MISSISSIPPI;**                                      **DEFENDANTS**
**TYRONE LEWIS; JERRY ARINDER;**
**BRENDA JONES; JOHNNY JENKINS**

## ORDER

Before the Court is the plaintiff's motion to recuse the District and Magistrate Judges assigned to this case.[1] Docket No. 85. She argues that several unfavorable Court rulings reveal the Judges' "personal bias or prejudice concerning the plaintiff and deep seated favoritism toward the defendants." *Id.* at 7 & 11.

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." *Id.* § 455(b).

"The standard for judicial disqualification under 28 U.S.C. § 455 is whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999) (citation omitted). The standard for bias is an objective one: "it is with reference to the well-informed, thoughtful and

---

[1] Because the plaintiff challenges the authority of these judges to hear her case, the Court has not awaited a response from the defendants. They should be spared that expense.

objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quotation marks and citation omitted).

Similarly, another federal statute provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. "The facts and reasons set out in the affidavit must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Parrish v. Bd. of Com'rs of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (quotation marks and citation omitted). Those facts must be material, stated with particularity, show that the bias is personal rather than judicial in nature, and, if true, would convince a reasonable person that bias exists. *United States v. Merkt*, 794 F.2d 950, 960 n.9 (5th Cir. 1986). Like a motion for disqualification filed under § 455, motions pursuant to § 144 are resolved "by applying the reasonable man standard to the facts and reasons stated in the affidavit." *Parrish,* 524 F.2d at 100 (citation omitted).[2]

It is well-established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade*, 338 F.3d at 455 (citation omitted).

> We note that remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Not* establishing bias or partiality are expressions of impatience, dissatisfaction, annoyance, and even anger that are within the bounds

---

[2] A review of the remainder of § 144 casts doubt on whether it can be wielded in this case. The statute goes on to state that it must be invoked within 10 days of the start of the term of court. The statute further requires "a certificate of counsel of record stating that [the charge of bias] is made in good faith." 28 U.S.C. § 144. Courts have found that a *pro se* party "is without the means of satisfying the [statute's] certificate of counsel requirement and is thus unable to seek disqualification under § 144." *Eppley v. Iacovelli*, No. 1:09-cv-386, 2009 WL 1033391, at *1 n.1 (S.D. Ind. April 16, 2009) (citing *Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D. Ind. 1996)). Any procedural defect is of no moment, though, because the grounds for recusal based on bias or prejudice in § 144 are duplicated in § 455(b)(1). *Bell v. Johnson*, 404 F.3d 997, 1004 n.7 (6th Cir. 2005) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). As a result, the Court will take up the motion on its merits.

> of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Matassarin*, 174 F.3d at 571 (citations and ellipses omitted). "Courts must take care to ensure that motions for recusal are not abused as a litigation tactic." *Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 Fed. App'x 324, 329 (5th Cir. 2011) (citation omitted).

Considering the allegations against these authorities, Davis's motion must be denied. Her motion identifies no extra-judicial bias, prejudice, or favoritism toward any party. Rather, she takes issue with a series of rulings which largely, but not uniformly, deny her the relief she has requested. Those rulings are ordinary applications of the law, and this response is not the appropriate way to express her displeasure with them. They fall well short of establishing any basis for recusal.

The motion is denied.

**SO ORDERED**, this the 29th day of March, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
