IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN R. DAVIS                                                              PLAINTIFF

V.                                                        CAUSE NO. 3:15-CV-874-CWR-LRA

HINDS COUNTY, MISSISSIPPI;                                                    DEFENDANTS
TYRONE LEWIS; JERRY ARINDER;
BRENDA JONES; JOHNNY JENKINS

## ORDER

Before the Court is the plaintiff's third motion for the undersigned to recuse himself from this litigation. *See* Docket Nos. 85, 101, and 103. Her previous motions have been denied. *See* Docket No. 87 and Text-Only Order of Sept. 25, 2017.

There are (at least) two problems with her present request. First, it is yet another example of the plaintiff's frivolous, vexatious, and abusive litigation practices. *See, e.g.*, *Davis v. Wal-Mart Stores*, No. 3:14-CV-375-HTW-LRA, Docket No. 115 at 4 (S.D. Miss. Mar. 28, 2016) (recounting plaintiff's history as a recreational litigant). Second, a substantial portion of the motion is plagiarized from other sources. *Compare* Docket No. 103 at 1-2 *with* John Ferejohn, *Independent Judges, Dependent Judiciary: Explaining Judicial Independence*, 72 S. Cal. L. Rev. 353, 355 (1999) ("Independence seems to have at least two meanings. . . ."). Both problems are violations of Davis's obligations as a litigant in this Court.

"Federal courts have an inherent power to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Terra Partners v. Rabo Agrifinance, Inc.*, 504 F. App'x 288, 290 (5th Cir. 2012) (quotation marks and citation omitted). Federal courts also have broad authority "to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (citations omitted). It was

just last month, in fact, that the plaintiff was warned about her pattern of vexatious litigation and its potential consequences:

> [T]the Court would urge Davis to proceed with caution. In this or any other case, should a judge make findings that Davis has engaged in vexatious litigation or acted in bad faith, the judge may (among many other potential sanctions) issue an Order requiring Davis to receive prior court approval before filing any new lawsuit in this district. *See Prewitt v. Alexander*, 173 F.R.D. 438, 442-44 (N.D. Miss. 1996). One hopes we need not reach that point.

Docket No. 100 at 2. That she renewed her motion for recusal suggests that she did not take this warning to heart.

"Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith." *Terra Partners*, 504 F. App'x at 290. The Court finds that the plaintiff's third motion for recusal is frivolous and filed in bad faith.[1] To be clear, any future filing found to be frivolous will earn the plaintiff a monetary sanction or such other sanction, including dismissal of this action, that the Court deems appropriate.

The motion is denied.

**SO ORDERED**, this the 25th day of October, 2017.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's *pro se* status "offers [her] no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).